UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON OSANTOWSKI and
CATHERINE OSANTOWSKI,

    Plaintiffs,

CASE NO. 09-CV-12079

v.

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

OPTION ONE MORTGAGE COMPANY,

    Defendant.
                                              /

**ORDER DENYING PLAINTIFFS' EX PARTE
EMERGENCY MOTION FOR STAY OF EXECUTION OF EVICTION**

This order is entered under the authority given to this Magistrate Judge in an Order of Reference issued by District Judge Ludington pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.    INTRODUCTION

Plaintiffs, proceeding *pro se*, filed this action on May 29, 2009. Their complaint states that they entered into a mortgage with Defendant Option One Mortgage Company ("OOMC") in 2004. (Compl., Doc. 1 ¶ 3.) The complaint asserts that Defendant OOMC obtained a foreclosure in Huron County Circuit Court on the basis of an "invalid note and mortgage" and alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., and other federal and state statutes. Plaintiffs seek $7 million in actual damages and $21 million in punitive damages. (Compl., Doc. 1 at 4.)

On June 4, 2009, Plaintiffs filed an "Ex Part[e] Emergency Motion for Stay of Execution of Eviction." (Doc. 3.) In this motion, Plaintiffs request that this Court enjoin an eviction which apparently is scheduled to occur in the near future, although Plaintiffs have not stated a particular date.

**II.   ANALYSIS**

Federal district courts lack jurisdiction to directly review the judgments of state courts. *See District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923). Courts have consistently applied the *Rooker-Feldman* doctrine to claims requesting review of a state court's eviction and foreclosure proceedings. *See, e.g., Austin v. Countrywide Home Loans*, No. 08-15127, 2008 WL 4954617, at *1 (E.D. Mich. Nov. 18, 2008); *Berry v. Ocwen Loan Servs., LLC*, No. 08-13760, 2008 WL 4648123, at *2 (E.D. Mich. Oct.21, 2008); *Jones v. Heartland Home Fin. Corp.*, No. 07-14398, 2008 WL 4561693, at *2 (E.D. Mich. Oct.10, 2008). Therefore, this Court does not have jurisdiction to enjoin this eviction from proceeding.

**III.   CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' motion for injunctive relief and temporary restraining order is **DENIED**.

Review of this Order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

                                        s/ *Charles E Binder*
                                        CHARLES E. BINDER
Dated: June 9, 2009                    United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, served by first class mail on Jason and Catherine Osantowski at 119 W. Woodworth, Bad Axe, MI, 48413; and served on District Judge Ludington in the traditional manner.

Date:  June 9, 2009                By     s/*Jean L. Broucek*
                                            Case Manager to Magistrate Judge Binder