UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON OSANTOWSKI
and CATHERINE
OSANTOWSKI,

    *Plaintiffs*,                          CASE NO. 09-CV-12079

*v.*                                         DISTRICT JUDGE THOMAS LUDINGTON
                                             MAGISTRATE JUDGE CHARLES BINDER

OPTION ONE MORTGAGE,

    *Defendant*,

EARL SAGEMAN,

    *Third Party Plaintiff*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**
(Doc. 10)

## I.    RECOMMENDATION

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss and for Summary Judgment be **GRANTED** and that the case be dismissed in its entirety.

## II.    REPORT

### A.    Background

By order of U.S. District Judge Thomas L. Ludington, this case was referred to the undersigned magistrate judge for general pretrial case management on June 5, 2009. (Doc. 4.) The case concerns a $123,300 mortgage loan that Plaintiff Jason Osantowski obtained from Option One Mortgage Corporation (Option One) on September 24, 2004, on property located at 119

Woodworth Street in Bad Axe, Michigan. (Doc. 10 at 4.) Jason Osantowki defaulted on the loan, Option One foreclosed, and a foreclosure sale was held on March 27, 2007. (*Id.*) The redemption period expired on September 27, 2007. (*Id.*) Plaintiffs filed the instant lawsuit on May 29, 2009. (Doc. 1.)

The *pro se* complaint alleges violations of the federal Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq*., because the note did not have "affidavits" or "rights of rescission." (Compl., Doc. 1 at 2.) Plaintiffs allege violations of the usury statute, 12 U.S.C. § 86, because the "[i]nterest rate was jacked 5.6% to 8.5% to 15% and payment was jacked $901 - $1453," "sub-prime mortgage fraud (which is the main cause for the current economic collapse) and systemic Racketeering, wherein the defendant jacked interest and payment by 2½ times making the unlawful payment un-payable." (*Id.*) Plaintiffs further allege that "defendant filed, in Huron County . . . a foreclosure suit against on [sic] the said invalid mortgage . . . [and] said action constituted a deprivation of property without due process of law in contravention of the above stated provisions of United States Constitution and the Bill of Rights of the Michigan State Constitution." (*Id*. at 2-3.) Plaintiffs seek actual damages in the amount of seven million dollars ($7,000,000.00) and punitive damages in the amount of twenty-one million dollars ($21,000,000.00).

Upon review of the documents, I conclude that, pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

**B.     Motion Standards**

In facing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand*

2

*C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court recently explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Where a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), nor may courts construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Courts are not to "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to identify a claim not alleged in the complaint, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Motions for summary judgment are governed by Rule 56(c) of the Federal Rules of Civil Procedure, and will be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*,

4

886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88.  Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

The non-moving party has an obligation to respond to the motion and present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 191 L. Ed. 2d 202 (1986).

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### C.     Parties' Arguments

Defendant argues that the complaint fails to satisfy Rules 8 and 9 of the Rules of Civil Procedure because, with the exception of the TILA claim, it fails to plead factual allegations to support the claims. Defendant asserts that the complaint alleges only legal conclusions that the mortgage note or the foreclosure process was illegal and void, and alleges conclusory claims of usury, racketeering, and violations of due process and civil rights. (Doc. 10 at 7-8.)  Defendant further contends that Plaintiffs fail to properly plead a fraud claim with specificity as required

under Rule 9(b). (Doc. 10 at 7.) Defendant moves for summary judgment because although Plaintiffs claim that TILA's disclosure provisions were not complied with, the undisputed evidence shows that Defendant did in fact comply. (Doc. 10 at 8-9, Ex. C.) Defendant also argues that summary judgment is appropriate as to Plaintiffs' TILA claim because it is barred by the one-year limitation period provided in the statute. (Doc. 10 at 9).[1] Finally, Defendant contends that it is entitled to summary judgment on Plaintiffs' claims for equitable relief because the doctrine of laches bars such relief. (Doc. 10 at 10-11.)

Plaintiffs respond that "[i]f you look real close at the note, there is a place for the lender signature and there is no signature of said note, again the note was not even notarized making the note unenforceable and/or void." (Doc. 12 at 4.) Plaintiffs further contend that "Option One has an allonge to note only in the documents and it pertains only to Jason Osantowski, not to Catherine and the allonge is an assignment of the note of to [sic] whom to 'pay to order of' is not filled in, therefore the questions arises" whether Option One has a "license to lend" and Plaintiffs suggest that a "forensic audit of the complete account" is the "only real way to get to the truth." (Doc. 12 at 5.) Plaintiffs also ask the court to order discovery, "which would reveil [sic] the wrongful doings of the Defendant." (Doc. 12 at 7.)

    **D.**    **Analysis and Conclusions**

    **1.**    **TILA Limitations Period**

Plaintiffs contend that they were not provided with the requisite disclosures under TILA, such as the right of rescission. (Doc. 1 at 2.) I note that Defendant has provided a document signed by Plaintiff Jason Osantowski entitled "Truth in Lending Disclosure Statement." (Doc. 10

---

[1] I note that Defendant cites 16 U.S.C. § 1693m(g); however, that section applies to claims brought under the Electronic Funds Transfer Act (EFTA), not TILA. The limitation period applicable to TILA claims is found in 15 U.S.C. § 1640(e) as discussed *infra.*

at Ex. C.)  The document contains some disclosures required by TILA, but does not appear to disclose that the "obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section . . . ." 15 U.S.C. § 1635.

TILA provides for statutory penalties if the creditor fails to make the requisite disclosures. 15 U.S.C. § 1640(a).  To prevail on a claim for damages for violations of TILA, plaintiffs must bring suit within one year form "the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The limitation period generally begins to run "'when the plaintiff has complete and present cause of action' and thus 'can file suit and obtain relief.'" *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (EFTA case) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp of Cal., Inc.*, 522 U.S. 192, 201 (1997)).

However, "if the TILA disclosures are never made, the obligor has a continuing right to rescind and that right to rescind is not dependent upon the one-year statute of limitations period for a claim for damages . . . [but rather] 'shall expire three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first, notwithstanding the fact that' the required disclosures have not been made." *Mills v. EquiCredit Corp.*, 172 Fed. App'x 652, 656 (6th Cir. 2006) (quoting 15 U.S.C. § 1635(f)). "'[C]onsummation' occurs when the borrower signs the loan documents and becomes obligated to pay, despite the fact that the loan may be contingent on the lender's approval . . . ." *United States v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009).

In the instant case, Plaintiff Jason Osantowski signed the loan documents and became obligated to pay Option One on September 24, 2004.  (Doc. 10 at 4, Ex. A.)  However, Plaintiffs did not file the instant lawsuit until May 29, 2009.  I suggest that even if Plaintiffs are correct in

7

their assertion that the right of rescission was not disclosed to them, their claim for damages expired on September 24, 2007. I therefore suggest that Defendant's motion for summary judgment should be granted as to Plaintiffs' TILA claim.[2]

### 2. Usury Claim

Defendant contends that the instant adjustable rate note initially carried "an 8.1% interest rate and adjusted only once before the March 27, 2007, foreclosure"; specifically, the "rate adjusted to 11.1% effective November 1, 2006." (Doc. 10 at 9, Exs. A and D.) Plaintiffs have not brought forward any evidence to contradict this showing or create a genuine issue of material fact. I therefore suggest that Defendant's motion for summary judgment be granted on Plaintiffs' usury claim.

Alternatively, I note that even assuming Plaintiffs' claim is based on the most recent adjustment to the interest rate, i.e., November 1, 2006, under the statute relied upon by Plaintiffs, any action alleging usury should have been commenced within two years of that transaction, i.e., by November 1, 2008. 12 U.S.C. § 86. Since the instant complaint was not filed until May 29, 2009, this claim is also barred by the statutory limitation period and summary judgment would be appropriate on this ground as well.

### 3. Remaining Claims

Plaintiffs' remaining claims include allegations of "sub-prime mortgage fraud . . . and systemic Racketeering, wherein the defendant jacked interest and payment by 2 ½ times making the unlawful payment un-payable." (Doc. 1 at 2.) Plaintiffs also allege that "defendant filed, in Huron County . . . a foreclosure suit against on [sic] the said invalid mortgage . . . [and] said action

---

[2] I also note that, although not argued by Defendant, TILA bars monetary damage claims brought more than one year after the alleged violation of the Act. 15 U.S.C. § 1640(e).

constituted a deprivation of property without due process of law in contravention of the above stated provisions of United States Constitution and the Bill of Rights of the Michigan State Constitution." (Doc. 1 at 2-3.)

Defendant contends that the complaint fails to set forth "sufficient facts to show a right to relief" and instead merely sets forth "conclusory legal assertions without any factual allegations to support the claims." (Doc. 10 at 7.) Plaintiffs' response complains of changes in attorneys and judges in the state court process (Doc. 12 at 2), provides a definition of the term mortgage (Doc. 12 at 3), an encyclopedia definition of a "binding note" (Doc. 12 at 4), the definition of an allonge, and questions whether Option One has a "license to lend," concluding that the "only real way to get to the truth is to get a forensic audit of the complete account." (Doc. 12 at 5.) Plaintiffs attach a twenty-five page article by a certified public accountant titled, "Securitization is illegal; RICO, Usury, Antitrust and Tax issues." (Doc. 12, Ex. 1.)

After review of the pleadings, I suggest that the remaining claims made in the instant complaint consist of a litany of legal conclusions such that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable." *Iqbal*, 129 S. Ct. at 1949. I further find that there are no well-pleaded factual allegations supporting the remaining claims in the complaint or in the response to the motion to dismiss. Therefore, since, as explained above, the court is not to "conjure up unpled allegations," *McDonald, supra,* I suggest that Defendant's motion to dismiss be granted as the remaining claims because they fail to state a claim upon which relief can be granted.

9

**4.    Earl Sageman**

It is unclear what role the averred "Third-Party Plaintiff" Earl Sageman plays in this lawsuit.[3]  His name appears only in the complaint and has not been mentioned in any other document.  To the extent that he is considered a party to this lawsuit, I suggest that any claims brought by him should be dismissed for the same reasons stated above.  Alternatively, I suggest that any potential claim by Earl Sageman be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure since he has failed to appear in any capacity other than in the caption of the complaint.  *See Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980) ("Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases'") (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

**5.    Conclusion**

For the reasons stated above, I suggest that Defendant's motion to dismiss and for summary judgment be granted and the case dismissed in its entirety.

---

[3] I note that Mr. Sageman is no stranger to the court although any connection between his past lawsuits and the instant lawsuit is unclear.  *See United States v. Sageman*, No. 07-13455-BC, 2008 WL 796797 (E.D. Mich. March 26, 2008) (default judgment entered against Sageman regarding real property in his possession); *Sageman v. United States*, No. 07-15351-BC, 2008 WL 360802 (E.D. Mich. Feb. 8, 2008) (dismissing petition alleging the government's attempt to seize his property restrained his liberty); *United States v. Sageman*, No. 07-13445-BC, 2007 WL 4357728 (E.D. Mich. Dec. 10, 2007) (regarding real property in possession of Sageman which was the subject of a Farm Services loan that Sageman defaulted on); *United States v. Sageman*, No. 06-13640-BC, 2007 WL 1563139 (E.D. Mich. May 29, 2007) (granting plaintiff's motion for judgment on the pleadings where defendant defaulted on promissory notes regarding farm property).

10

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                              s/ *Charles E Binder*
                                            CHARLES E. BINDER
Dated: November 4, 2009              United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served upon counsel of record via the Court's ECF system, and was served by the U.S. Postal Service on the following non-ECF participants: Jason and Catherine Osantowski, 119 W. Woodworth, Bad Axe, MI 48413.

Date:  November 4, 2009                   By      s/Patricia T. Morris
                                                    Law Clerk to Magistrate Judge Binder